O'Brien, Pontius, McClelland, and Cook *v.* O'Brien, and Flanders *et al.*

# IN GENERAL TERM, 1874.

## WILLIAM O'BRIEN, JOHN PONTIUS, JOHN T. McCLELLAND, and LEVI H. COOK *v.* JAMES O'BRIEN, JAMES M. FLANDERS, (Appellant) ET AL.

MORTGAGOR—

MORTGAGEE.

An indemnifying mortgage, of real estate, sought to be purchased, con-- tained a provision that whenever any part or portion of the mort- gaged lands can be sold by the mortgagor for their fair and adequate value, the mortgagors should release such part of the property, reserv- ing sufficient to secure them for any amount of actual loss they may sustain.

About one-half of the mortgaged lands were encumbered by older liens, and the amounts for which the mortgagees were liable, were not ascer- tained at the time the mortgage was made.

*Held:* That the parties must be presumed to have contracted with reference- to the older lien, and where there is nothing to show that the mort- gagees attempted to hold a lien for more than might be justly due them, or that the mortgagor ever attempted to derive any benefit from. the right to sell the real estate, or to show that either mortgagor, or mortgagees attempted, or intended that the proceeds, if any, of the real estate had been sold, should be applied to any other purpose than the payment of the mortgage debts, the mortgage cannot be held fraudulent by reason of the clause in reference to the sale of the mort- gaged property.

Whether a mortgage is given with a fraudulent intent, is a question of fact to be determined by the Court, and the jury trying the cause.

*Baker, Hord & Hendricks; Voss, Davis & Holman,* for Appellant.

*McDonald & Butler,* for Appellee.

BLAIR, J.—This suit was commenced in the Hamilton Common Pleas Court, to foreclose a mortgage on certain real estate situated in that county. The cause was brought into this Court by changes of venue, and by agreement. The mortgage was made by James O'Brien, on the 3d day of May, 1870, and embraces several tracts of land in all not far from one thousand acres. It was made to secure and indemnify William O'Brien, John Pontius, John F. McClelland, Levi H. Cook, Earl S. Stone, Daniel R. Brown, Marcus L. Stone and Robert L. Wilson as sureties for the mortgagor, on certain bonds made by him as guardian and as administrator. The mortgagees were not all of them sureties on any one bond. The aggregate penal amount of the bonds was about thirty thousand dollars. The complaint avers that the plaintiffs had been compelled to pay, as such sureties, on the 25th day of January, 1871, about five thousand dollars. It is also alleged that on the next day after the mortgage was executed, that is on the 4th day of May, 1870, some thirteen different judgments were rendered in the Court of Common Pleas of Hamilton county, against mortgagor, James O'Brien; the judgments amounting to about fifteen thousand dollars. The judgments were in favor of different parties, but the greater portion of them were assigned to the defendant, Flanders, who caused execution to be issued thereon, and levied upon the real estate described in the mortgage, and the same was sold on the 18th day of January, 1871, to satisfy said executions, and was purchased by Flanders for thirteen thousand dollars.

The mortgage sought to be foreclosed contained the following provision: "And it is hereby further provided, as one of the conditions of this mortgage, upon which it is accepted by the mortgagees, that whenever any part, or portion of said lands can be sold by said O'Brien for their fair, and adequate value, that the acceptors of this security shall release such

part of the mortgage property—always reserving a sufficiency by this mortgage to secure them for any amount of actual loss they may be liable to sustain."

A demurrer to the complaint was overruled.

The defendant, Flanders, then answered in five paragraphs. The first was a general denial, to the second a demurrer was sustained, and the fifth was struck out. As no questions are raised on the action of the Court upon these paragraphs, but what are presented by other rulings, they need not be further noticed.

The third paragraph admits the purchase under the judgments as set out in the complaint, and alleges that he afterwards received a deed for the same. The defendant then says, that at the time of the execution of the mortgage sought to be foreclosed, the lands mortgaged comprised all the property of the said James O'Brien, and he was at the time it was executed notoriously insolvent, and in failing circumstances, that his debts amounted to about the sum of sixty thousand dollars, and the value of his property was about thirty-five thousand dollars, and that suits were then pending against him for the collection of a portion of the debts, all of which the plaintiffs then knew; and that the defendant was himself surety for the said O'Brien, and liable to have to pay about ten thousand dollars as such surety. The provision of the mortgage heretofore set out as contained in the complaint, was then copied in the answer, and it is alleged that it was known to O'Brien, and the plaintiffs, and their co-mortgagees; "that the probable and necessary legal effect of said mortgage, with the condition aforesaid, would be to hinder and delay all the other creditors of said James O'Brien," wherefore the mortgage was fraudulent and void.

A demurrer was overruled to this paragraph of answer.

The fourth paragraph alleges title in the defendant to a part of the lands described in the mortgage by virtue of being

the purchaser of the same under certain foreclosures, and decrees for the sale of the same upon older mortgages than the one sought to be foreclosed by the plaintiffs.

Issues were joined on the third, and fourth paragraphs of the answer. The cause was tried by the Court, and by request a special finding of facts, and conclusions of law was rendered. A decree of foreclosure was rendered in favor of the plaintiffs for about the sum claimed in the complaint. The defendant, Flanders, excepted to the conclusions of law. He then filed a motion for a new trial, which was overruled, exceptions entered, and an appeal taken to General Term.

The appellant presents but one question in his brief, and it is claimed that this arises upon the rulings on demurrer, and also upon the exceptions reserved to the conclusions of law. It is claimed that the mortgage is void on its face on account of the clause before cited, by which the mortgagees agree to release any part or portion of the lands mortgaged, whenever sold for their fair cash value by the mortgagor.

We deem it unnecessary to set out the special finding of facts, and conclusion of law, as they are very long and could aid us but little. It was found by the Court that about one-half of the lands described in the plaintiffs mortgage was held by the defendant, Flanders, free from any lien of the plaintiffs, he having purchased under liens that existed prior to the execution of the plaintiffs mortgage. The parties must have had full knowledge of these prior liens, and acted with reference to the same at the time the mortgage was made, and this takes away from the transaction one of its features that would seem to indicate an intention to hold a large security for a comparatively small portion of the debts of the mortgagor. The special findings show that the amounts for which the plaintiffs were liable as sureties on the several bonds, were not definitely ascertained until some

months after the mortgage was made.   The mortgage was placed upon the record the next day after it was made, thus showing that there was no concealment about it.   It is conceded in argument (as is the law) that a person in failing circumstances may prefer a part of his creditors, if he do so in good faith, and without the design of securing a benefit to himself.   A mortgage of personal property reserving possession in the mortgagor, and a power of disposing of it, if made by one in failing circumstances, would perhaps always be regarded as fraudulent.   This rule arises in a great measure from the peculiar character of the property, the facility with which it may be concealed, or parted with, possession given, and a good title free from either actual, or constructive notice of the claims of others.   The reasons upon which the rule is founded do not apply with full force to real estate, where conveyances and liens are a matter of record of which parties must take notice.   If there were liens upon the real estate mortgaged, which were older than the lien created by the mortgage, all parties had notice thereof. The lien of the defendants judgments attached the next day after the mortgage of the plaintiffs was made, and on the same day it was recorded.   The mortgage contained a clause by which the mortgagee agreed to release such portions of the lands mortgaged as could be sold by the mortgagor at their fair, and adequate value, but there is no stipulation that the proceeds of such sale should enure to the benefit of the mortgagor to the exclusion of the rights of his creditors.   Nor is there any finding that indicates any attempt on the part of the mortgagees, or the mortgagor, to use this clause as a shield against the creditors.   If any part of the lands had been released under this agreement, the lien of the judgments under which the defendant claims, would have attached immediately, and with all the force such liens would have had if the mortgage had never been made.   The

defendant gets all the real estate, except that portion of it which is subject to the lien for the amounts due the plaintiff. There is nothing in the special findings, or the complaint to indicate that the plaintiffs attempted to hold a lien for more than was justly due them, or that the mortgagor ever attempted to derive any benefit from the clause in the mortgage which is called in question by the defendant, or to show that it was the intention of either, that if any part of the real estate had been sold by the mortgagor, the proceeds should not be applied to the payment of the debts of the mortgagor.

Under such circumstances, we cannot say that the mortgage was fraudulent on its face. The complaint was, therefore, good, and the action of the Court in overruling the demurrer thereto, was right.

Whether a mortgage is given with a fraudulent intent, is under the statute (Sec. 21, 1 G. & H., p. 353) a question of fact to be determined by the Court or jury trying the cause. *Maple* v. *Burnside et al.*, 22 *Ind.*, 139.

There is no finding in the case which indicates any fraudulent intent, further than that which arises from the face of the mortgage, and the indebtedness, and insolvency of the mortgagor. It does not follow from these facts, that the Court was bound to find, as a conclusion of law, that the mortgage was fraudulent.

The judgment is, therefore, affirmed.

Perkins, J., having at one time been of counsel in the cause, was absent.